UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BOBBIE J. CUNEGIN, #800536,

        Plaintiff,

                                     CASE NO. 2:15-CV-10145
v.                                 HONORABLE PAUL D. BORMAN

CITY OF YPSILANTI POLICE DEP'T,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

Michigan prisoner Bobbie J. Cunegin ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  In his two-page complaint, Plaintiff asserts that he was subject to excessive force and denied medical care by police officers when arrested following a domestic dispute in Ypsilanti, Michigan on February 12, 2013.  He names the Ypsilanti Police Department as the defendant in this action.  He does not indicate in what capacity he is suing the defendant, nor does he indicate what relief he seeks in this case.  Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a)(1).

### II.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

2

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's complaint against the Ypsilanti Police Department is subject to dismissal.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that liability cannot be established based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff makes no factual allegations against the Ypsilanti Police Department.  His complaint against the Ypsilanti Police Department is thus subject to dismissal.

Additionally, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief

sought." Fed. R. Civ. P. 8(a)(2), (3). Plaintiff does not include a demand for any relief in his complaint. His complaint is thus subject to dismissal for this reason as well.

## III.  CONCLUSION

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the named defendant and that his complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint as to the named defendant pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). This dismissal is without prejudice to the filing of a new complaint naming an appropriate defendant or defendants and specifying the relief sought in the case. This case is **CLOSED**.

**IT IS SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2015


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 20, 2015.


s/Deborah Tofil
Case Manager