UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE J. CUNEGIN, #800536,

       Plaintiff,

                                    CASE NO. 2:15-CV-10145
v.                                        HONORABLE PAUL D. BORMAN

CITY OF YPSILANTI POLICE DEP'T,

       Defendants.
_____/

## ORDER DENYING MOTION TO AMEND COMPLAINT

      Michigan prisoner Bobbie J. Cunegin ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that he was subjected to excessive force and denied medical care by police officers when arrested following a domestic dispute in Ypsilanti, Michigan on February 12, 2013. He named the Ypsilanti Police Department as the sole defendant, but did not make factual allegations against the department. He also did not include a request for relief. Consequently, the Court dismissed the complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to the named defendant and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The Court did not retain jurisdiction over the case.

      The matter is now before the Court on Plaintiff's motion to amend the complaint. Plaintiff's amended complaint adds John Doe police officers as defendants and seeks injunctive relief and monetary damages. It also appears from Plaintiff's pleadings that he

is no longer incarcerated and now resides in Romulus, Michigan.

Plaintiff's motion to amend the complaint must be denied. First, Plaintiff has not moved to re-open this case – and the case has already been closed. While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the complaint. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). No such action has occurred in this case. Moreover, the Court's dismissal of Plaintiff's initial complaint was appropriate.

Second, while Plaintiff adds John Doe police officers as defendants and includes a prayer for relief in his amended complaint, he still makes no factual allegations against the Ypsilanti Police Department. Thus, his amended complaint still fails to state a claim against one of the named defendants – the Ypsilanti Police Department.

Third, Plaintiff's motion to amend, and his amended complaint, fail to comply with Rule 11 of the Federal Rules of Civil Procedure which requires that every pleading or paper filed with the Court be signed by the submitting party or the attorney of record. *See* Fed. R. Civ. P. 11(a). Plaintiff has not signed his motion to amend or his amended

complaint as required. Given such circumstances, Plaintiff's motion to amend must be denied.

Accordingly, the Court **DENIES** Plaintiff's motion to amend his civil rights complaint in this closed case. This denial (like the Court's prior dismissal) is without prejudice to the filing of a new civil rights action which states a claim against the appropriate defendants and otherwise complies with the Federal Rules of Civil Procedure. Should Plaintiff choose to file a new civil action, he must either pay the civil case filing fee and administrative fee or submit a new application to proceed in forma pauperis (as a non-prisoner). This case remains closed.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2015.

s/Deborah Tofil
Case Manager